IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ALLIANT HEALTH PLANS, INC.     )
                                      )
                                      )
       Plaintiff,           )
                                        )
v.                                )         No. 16-1491 C
                                      )         Judge Braden
THE UNITED STATES OF AMERICA,   )
                                        )
       Defendant.        )
_____)

**THE UNITED STATES' UNOPPOSED MOTION TO STAY PROCEEDINGS**

The United States of America ("United States") respectfully moves the Court to stay this action until the earlier of (1) the expiration of 30 days after either party notifies the other of its election to end the stay or (2) the disposition of the appeal in *Land of Lincoln Mutual Health Ins. Co. v. United States,* No. 17-1224 (Fed. Cir) (appeal pending), which was decided by this Court on November 10, 2016. Plaintiff Alliant Health Plans, Inc. ("Alliant") does not oppose the requested stay.

**I.    Background**

On November 14, 2016, Alliant filed this action seeking approximately $11 million in money damages under Section 1342 of the Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 18062, and 45 C.F.R. § 153.510(b). Compl. ¶ 7 [Dkt. No. 1]. The United States' response is currently due on Friday, January 13, 2017.

Twelve other cases in this Court are currently seeking relief under identical and related legal theories to those asserted by Alliant. *See Health Republic Ins. Co. v. United States*, No. 16-259C (Sweeney, J.); *First Priority Life Ins. Co. v. United States*, No. 16-587C (Wolski, J.); *Blue Cross and Blue Shield of North Carolina v. United States*, No. 16-651C (Griggsby, J.); *Moda*

*Health Plan, Inc. v. United States*, No. 16-649C (Wheeler, J.); *Land of Lincoln Mutual Health Ins. Co. v. United States*, No. 16-744C (Lettow, J.); *Maine Cmty. Health Options v. United States*, No. 16-967C (Merow, J.); *New Mexico Health Connections v. United States*, No. 16-1199C (Bruggink, J.); *BCBSM, Inc. v. United States*, No. 16-1253C (Coster-Williams, J); *Blue Cross of Idaho Health Service, Inc. v. United States*, No. 16-1384C (Lettow, J.); *Minuteman Health Inc. v. United States*, No. 16-1418C (Griggsby, J.); *Blue Cross and Blue Shield of South Carolina v. United States*, No. 16-1501C (Griggsby, J.); *Montana Health CO-OP v. United States*, No. 16-1427 (Wolski, J.). As noted above, the first decision was entered in these cases in *Land of Lincoln* on November 10, 2016, and, on November 15, 2016, Land of Lincoln filed a notice of appeal from the judgment entered in that case.

The cases involve several technically-detailed provisions of the ACA and raise significant jurisdictional issues as well as complex issues of appropriations law. *See, e.g.*, Compl. ¶¶ 4, 5, 7, 11, 25-27. The undersigned counsel represents the United States in each of these cases, which implicate a total of $8.3 billion in the 2014 and 2015 benefit years.

In addition to *Land of Lincoln*, dispositive motions have been filed and are pending in three additional earlier-filed cases referenced above. In *Health Republic*, dispositive motions have been fully-briefed and a motion to certify a class has been filed. Dispositive motions have also been fully briefed in *First Priority* and *Blue Cross and Blue Shield of North Carolina*, and briefing will be complete in *Moda* on December 23, 2016.[1] Several *amicus* filings also have been submitted.

The activity in these five first-filed cases has consumed substantial resources of the United States since their filing earlier this year. The importance and complexity of the issues and the amount of public funds at stake would necessitate a similar dedication of resources to this case.

---

[1] In *Moda*, where dispositive briefing is nearly complete, the Court denied the United States' contested motion for a stay. In contrast, the United States has not responded to Alliant's complaint and Alliant does not oppose the limited stay sought here.

## II.     A Stay Is Proper and Will Conserve Substantial Resources

The United States proposes to stay further activity in this case until the earlier of (1) the expiration of 30 days after either party notifies the other of its election to end the stay or (2) the disposition of the appeal in *Land of Lincoln Mutual Health Ins. Co. v. United States*, No. 17-1224 (Fed. Cir.). Because the legal issues presented by this case are similar to those issues raised in *Land of Lincoln*, the appellate decision in that case is likely to inform or even determine Alliant's ultimate ability to recover. A stay therefore will conserve judicial resources and the resources of both parties by avoiding briefing of issues already pending before four other judges of this Court.

Furthermore, because of the importance of the issues presented in these cases and the likelihood that each party will consider its full rights to judicial review, the requested stay will not affect the timing of any potential recovery by Alliant. A consensual stay has already been entered in *New Mexico Health Connections*, *Minuteman Health*, and *BCBSM*.

"It is well established that every trial court has the power to stay its proceedings, which is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Freeman v. United States*, 83 Fed. Cl. 530, 532 (2008) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Moreover, when and how to stay proceedings is within the sound discretion of the trial court." *Id.* (citation and internal punctuation omitted). Indeed, the Supreme Court has recognized that in cases of great complexity and significance, like this one, "the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted," especially where, as here, decisions issued by other judges would "settle" and "simplify" the issues presented. *Landis*, 299 U.S. at 256; *UnionBanCal Corp. & Subsidiaries v. United States*, 93 Fed. Cl. 166, 167 (2010) ("The orderly

course of justice and judicial economy is served when granting a stay simplifies the 'issues, proof, and questions of law which could be expected to result from a stay'") (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

The United States seeks a time-limited, carefully-monitored stay to end at the earlier of (1) 30 days after either party notifies the other of its election to end the stay, or (2) the disposition of the appeal in *Land of Lincoln Mutual Health Ins. Co. v. United States*, No. 17-1224 (Fed. Cir). The United States proposes that, if a stay is granted, the parties submit status reports every 45 days (or at another appropriate interval acceptable to the Court) in order to closely monitor the continued utility of the stay. These status reports are not a place holder but a meaningful opportunity to gauge the efficient use of this Court's resources to resolve a claim that has already been decided in one of the earlier-filed cases and should be addressed soon in the remaining, earlier-filed cases.

Finally, a stay will reduce the necessity for Alliant, the Court, and the United States to expend substantial resources on issues ably being handled in other cases. In addition, the Court and the parties will benefit from the amplification of the issues through the disposition of the earlier-filed cases. For these reasons, the United States requests that the Court grant this motion and stay this case pending further development of the first-filed cases referenced above.

## III.    Conclusion

For these reasons, the United States respectfully requests that the Court stay this case pending (1) an election of either party to end the stay, after giving notice of not less than 30 days of said election to the opposing party, or (2) the disposition of the appeal in *Land of Lincoln*, No. 17-1224 (Fed. Cir). In the event the Court were to deny this unopposed motion to stay, in the alternative, the United States would request that the Court allow the United States an enlargement

of 60 days, to and including, March 14, 2017, within which to respond to the complaint.  Alliant

does not oppose to this alternative request.

                                           Respectfully submitted,


Dated:  December 13, 2016              BENJAMIN C. MIZER
                                       Principal Deputy Assistant Attorney General
                                       Civil Division

                                       RUTH A. HARVEY
                                       Director
                                       Commercial Litigation Branch

                                       KIRK T. MANHARDT
                                       Deputy Director

                                        */s/ Frances M. McLaughlin*
                                       FRANCES M. MCLAUGHLIN
                                       U.S. Department of Justice
                                       Civil Division, Commercial Litigation Branch
                                       Phone (202) 307-0487
                                       Fax (202) 514-9163
                                       Frances.McLaughlin@usdoj.gov
                                       *Attorney for the United States of America*

## CERTIFICATE OF SERVICE

I certify that on December 13, 2016, a copy of the attached United States'
Unopposed Motion to Stay Proceedings was served via the Court's CM/ECF system on
Plaintiff's counsel.


/s/ Frances M. McLaughlin
Frances M. McLaughlin
U.S. Department of Justice